IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO PALACIOS-CASTRO, )<br>)<br>)<br>)<br>　　　Petitioner, )<br>)<br>　vs. )<br>)<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>　　　Respondent. )<br>)<br>_____ ) | No. CV-F-05-1573 REC<br>(No. CR-F-03-5456 REC)<br><br>ORDER DENYING PETITIONER'S<br>MOTION TO VACATE, SET ASIDE<br>OR CORRECT SENTENCE PURSUANT<br>TO 28 U.S.C. § 2255 AND<br>DIRECTING ENTRY OF JUDGMENT<br>FOR RESPONDENT |

　　　On December 12, 2005, petitioner Eduardo Palacios-Castro filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

　　　Petitioner was charged with being a deported alien found in the United States in violation of 8 U.S.C. § 1326. Petitioner, who was represented by counsel, pleaded guilty pursuant to a written Plea Agreement on January 26, 2004. Pursuant to the terms of the Plea Agreement, petitioner waived his right to appeal his conviction and sentence "on any ground and any appeal right conferred by 18 U.S.C. § 3742" and agreed "not to contest

1

his sentence in any post-conviction proceeding, including, but not limited to, any proceeding under 28 U.S.C. § 2255". Petitioner was sentenced on January 26, 2004 to 51 months incarceration. Petitioner did not file a Notice of Appeal.

Petitioner is not entitled to relief pursuant to Section 2255 on several grounds.

As noted, petitioner waived his right to file a Section 2255 motion in the Plea Agreement.

Section 2255 provides that a one-year period of limitation applies to a Section 2255 motion, which limitation period runs from the latest of:

>  (1) the date on which the judgment of conviction became final;
>
>  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Here, it appears that petitioner's motion is barred by the one-year limitations period. In <u>Calderon v. U.S. Dist. Court for Central Dist. of Cal.</u>, 128 F.3d 1283 (9th Cir. 1997), <u>cert. denied</u>, 522 U.S. 1099 and 523 U.S. 1061 (1998), <u>overruled on</u>

<u>other grounds</u>, 163 F.3d 530 (9th Cir. 1998), the Ninth Circuit held that the one-year limitations period applicable to Section 2255 motions is subject to equitable tolling.  However, the Ninth Circuit further held:

> Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a petitioner's control make it impossible to file a petition on time ... We have no doubt that district judges will take seriously Congress's desire to accelerate the federal habeas process, and will only authorize extensions when this high hurdle is surmounted.

<u>Id</u>. at 1288-1289.  Petitioner makes no showing that he is entitled to equitable tolling.

As a general rule, the court allows a petitioner to file an amended motion setting forth the date on which the petitioner contends his claim for relief accrued and/or setting forth the facts upon which the petitioner bases a claim of equitable tolling.  The court will not do so here because petitioner is not entitled to relief in any event.

Petitioner's claims for relief are based on his contentions that 8 U.S.C. § 1326 is unconstitutional and his sentence is unconstitutional since the Supreme Court's decisions in <u>Blakely v. Washington</u>, ___ 124 S.Ct. 466 (2004) and <u>United States v. Booker</u>, ___ 125 S.Ct. 738 (2005).  However, neither <u>Blakey</u> nor <u>Booker</u> are retroactively applicable to cases on collateral review.  <u>Schardt v. Payne</u>, 414 F.3d 1025, 1036 (9th Cir. 2005); <u>United States v. Cruz</u>, 423 F.3d 1119, 1120 (9th Cir. 2005).

3

Furthermore, petitioner's contention that the felony and aggravated felony provisions of Section 1326 are unconstitutional on their face is without merit.  Petitioner's claim is based on the premise that Almendarez-Torres v. United States, 523 U.S. 224 (1998) has been or will be overruled.  However, this claim is precluded by the law of the Ninth Circuit.  See United States v. Weiland, 420 F.3d 1062, 1079 n.16 (9th Cir. 2005)("Although recent Supreme Court jurisprudence has perhaps called into question the continuing viability of Almendarez-Torres ..., we are bound to follow a controlling Supreme Court precedent until it is explicitly overruled by that Court.").

ACCORDINGLY:

1.  Petitioner Eduardo Palacios-Castro's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is denied.

2.  The Clerk is directed to enter judgment for respondent.

IT IS SO ORDERED.

**Dated:  December 14, 2005**              /s/ Robert E. Coyle
668554                                     UNITED STATES DISTRICT JUDGE